# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

| | |
|---|---|
| BERNARD MARKS, ) | |
| ADC # 115216 ) | |
|    Petitioner, ) | **Case No. 5:11-CV-00306 KGB-JTK** |
| ) | |
| v. ) | |
| ) | |
| RAY HOBBS, Director, Arkansas ) | |
| Department of Correction ) | |
|    Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if

1

        such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is Petitioner Bernard Mark's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on December 1, 2011. (Doc. No. 2). A response was filed by Respondent Ray Hobbs. (Doc. No. 8). After reviewing the parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

## Background

After being found guilty by a jury of capital murder, Petitioner was sentenced to life imprisonment without the possibility of parole on January 25, 2006. Petitioner subsequently appealed his conviction to the Arkansas Supreme Court, arguing that the trial court erred by 1) allowing lay opinion testimony that Marks ran over the victim with a car and 2) failing to sua sponte correct defense counsel's alleged misstatement regarding the burden of proof. His conviction was affirmed on December 19, 2008. *Marks v. State*, 375 Ark. 265, 289 S.W.3d 923 (2008).

Petitioner subsequently sought postconviction relief pursuant to Ark. R. Crim. P. 37.1, arguing that his trial counsel provided ineffective assistance because he opposed the prosecution's request to have the jury instructed on lesser-included offenses. That petition was denied on August 17, 2009. Petitioner appealed the decision to the Arkansas Supreme Court, arguing that 1) the lower court erred by denying his Rule 37 petition without an evidentiary hearing and 2) the court's order did not contain findings of fact as required by Arkansas Rule of Criminal Procedure 37.3. The court held that the lower court's failures were excusable because the petition was meritless, and Petitioner's appeal was denied on September 8, 2011. *Marks v. State*, 2011 Ark. 324, 2011 WL 3930382 (per curiam). Respondent admits that Petitioner is in his custody and that there are no unexhausted, non-futile state remedies available.

## Discussion

Petitioner presently argues that his trial counsel was ineffective because he deprived Petitioner of the possibility of being convicted of a lesser offense. For the reasons discussed below, this claim is meritless.

The Arkansas courts reviewed and rejected this claim when Petitioner presented it to them. Federal courts may only overturn a state adjudication through habeas if it resulted in a decision that was 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or 2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A state court decision is 'contrary to' clearly established federal law if it reaches a conclusion opposite that of the Supreme Court on a question of law, or reaches a decision contrary to the Supreme Court on materially indistinguishable facts." *Arnold*

*v. Dormire*, 675 F.3d 1082, 1085 (8th Cir. 2012) (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). "A state court decision involves an 'unreasonable application' when it identifies the correct legal rule, but unreasonably applies it to the facts. 'A state court's application of clearly established federal law must be objectively *unreasonable*, not merely incorrect, to warrant the granting of a writ of habeas corpus.'" *Id.* (quoting *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011)).

In order to succeed, Petitioner must show both that his counsel provided deficient assistance and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, he must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Courts apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.* at 689. Counsel's errors must have been serious enough "that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

With respect to prejudice, Petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

The Arkansas Supreme Court correctly identified *Strickland* as the appropriate rule for reviewing Petitioner's ineffective assistance claims, so Petitioner must demonstrate that the

court's application of *Strickland* was objectively unreasonable. *Norris*, 651 F.3d at 925. However, Petitioner has failed to meet the burdens placed on him under *Strickland* and 28 U.S.C. § 2254(d).

Petitioner alleges that counsel did not inform him of the prosecution's request to add charges for lesser included offenses until shortly before an in camera hearing on the matter. Although Petitioner does admit that he agreed with counsel's decision to object to the addition of these charges, he contends that counsel failed to inform him of the ramifications of such a decision and its possible outcomes. Resp't's Br., Ex. 3, at 3.  It is clear that an "all or nothing" strategy was adopted by the defense, and the record does not indicate that this strategy was objectively unreasonable.  Further, Petitioner acknowledged his decision and its inherent risks, so it is does not appear that the decision was made solely by his counsel. The prosecution clearly expressed concerns that the jury could have problems finding premeditation and deliberation, so the defense's choice to exploit this perceived weakness was reasonable in light of the evidence.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice.  The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 29th day of May, 2013.

_____
United States Magistrate Judge